```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
-----------------------------------------------------------------

LAWRENCE LA SPINA,

                  Plaintiff,          21 Civ. 1556 (JGK)

       - against -             ORDER

UNITED STATES ATTORNEY'S OFFICE,
FINANCIAL LITIGATION OFFICE,

                  Defendant.

-----------------------------------------------------------------

JOHN G. KOELTL, District Judge:

    The Court received the attached Opposition brief from the pro se plaintiff.

    The Clerk's Office is directed to mail a copy of this Order to the plaintiff's last known address and to note service on the docket sheet.

SO ORDERED.

Dated:    New York, New York
          October 13, 2021

                                   /s/ John G. Koeltl
                                     John G. Koeltl
                              United States District Judge

# UNITED STATES DISTRICT COURT
# SOUHERN DISTRICT OF NEW YORK

**Lawrence La Spina**
*Pro se, Plaintiff*

Certified mail No. 70200640000192140428

v.

Docket # 21-CV-1556 (JGK)

**U.S. ATTORNEY'S OFFICE**
*Financial Litigation Office, Defendant*

-------------------------------------------------------------------------/

## REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Comes now, Plaintiff Lawrence La Spina, pro se, in response to defendant's motion to dismiss. Defendant has failed to address the single most important issue raised in plaintiff's action,(there were only two issues raised in the small five and half page complaint to begin with), whereas a Federal judge's special instructions have been completely disregarded in regards to collection of the restitution owed by this plaintiff, through the transfer of the debt to the U.S. Dept. of the Treasury from the Financial Litigation Unit of the U.S. Attorney's office. At no time did defendant's attorneys respond to this actual violation of the Court's restitution order, (located in the Final Judgement) in its 3 page letter to the this Court in July 2021, in its 12 page motion to dismiss, or its 4 page declaration letter.. Rather defendant has chosen to discuss Procedural history, use extensive US Code citations and case law to support its a motion to dismiss for failure to state a claim.

1.

## REVIEW OF DEFENDANT'S MOTION

The motion to dismiss filed by the defendant's team of lawyers is enlightening, very misleading, and in some regard outright shocking. First and foremost, the defendant attempts to derail plaintiff's second argument from his initial complaint. That is its failure to Notice this plaintiff pursuant to the 6th Amendment. Defendant claims that it sent a Notice stating its intent to Offset the debt back on December 9th, 2014 so it did give plaintiff notice from their position. There is a minor problem here with this statement. No reasonable person is going to accept this as proper Notice when it was done 2 months short of seven years ago and then not acted upon until December of 2020. The defendant also claims on page 3, in the 1st sentence of its motion to dismiss (and several other places as well) as follows- *"La Spina did not file a response to the Notice of Intent within the 60-day timeframe to do so"*. There is a major problem here with this statement. Plaintiff clearly remembers receiving this Notice almost seven years ago and responding to it as well. The hurdle was finding the proof of it. Plaintiff had to locate and revive an old laptop, that has not been used in a few years, in order to reprint the documents that are herein attached as Exhibits 1 and 2. This plaintiff replied and objected on January 13th, 2015 (exhibit 1) to Defendant's December 9th, 2014 Notice – well within 60 days- and using essentially the same arguments he has made in this instant action. On February 10th, 2015 (exhibit 2), this plaintiff sent a second letter to the Financial Litigation Unit asking where things stood since there was no reply received to the January 13, 2015 letter. Further, within this second letter itself, it states that this plaintiff confirmed the defendant had received the January 13th 2015 communication, meaning that the certified mail US Post Office Green card receipt was received back by the plaintiff. (All communications this plaintiff has ever had with any government agency is always done certified mail/certified receipt as a standard practice. It should also be noted that the certified mail numbers are

not shown on the enclosed two exhibits as this plaintiff would print the letters, sign them and then go to to the Post Office to purchase the certified mail portion, where he receive a certified mail number, which he would then hand-write in on the letters themselves before sealing them in the envelope. Plaintiff specifically remembers receiving both green cards back from the Post Office on these exhibits and can make a search of some older sealed storage boxes, for the green card receipts, in his mother's attic for them if this Court requires further proof.)

The defendant's claim that this plaintiff never responded to its December 9th, 2014 has just been proven to be a false one. It was the <u>defendant who never responded</u> to the two letters this plaintiff submitted in very early 2015. In fact, this plaintiff never heard from the defendant ever again until July of this year. Plaintiff received a letter from the defendant dated July 14th, 2021 on July 21st, 2021 in response to plaintiff's letter of objection sent December 3rd, 2020. (which defendant references in their motion to dismiss on page 10 – bottom paragraph.). This plaintiff did not respond to this letter for three reasons. First, it was untimely, being sent over seven months after this plaintiff sent his objection letter back on Dec, 3rd, 2020, Second, it coincidentally arrived the very same day, July 21st, that defendant's response was due back to the Court on this complaint,(before getting their first time extension.)and this plaintiff doesn't believe in coincidences. Third and most importantly defendant failed to address any of the issues raised by this plaintiff, which are identical to the ones raised in this complaint.

The defendant's counsel went on to claim *"On September 1, 2016, La Spina was placed in the TOP"* (TOP-Treasury Offset Program) <u>Gura Declaration at Item #6 and Dismissal motion – page 10</u>

Defendant transferring the restitution debt back on September 1, 2016 is both an enlightening and shocking statement. This means that over a year and half later, from this plaintiff's unanswered

3.

objections (exhibits 1 and 2), this matter was transferred anyway, <u>without plaintiff's knowledge or consent!</u> Obviously had the plaintiff been properly Noticed of this, instead of being ignored, he would never titled this present action "Request to Nullify Unlawful Transfer" since it was done 5 years ago, in 2016, without plaintiff's knowledge. Nevertheless the arguments contained within the plaintiff's complaint have not changed and the Court is supposed to apply equal fairness and patience when dealing with a pro se petitioner. (If this plaintiff could afford an attorney he would have happily hired one and thanks the Court in advance for the patience shown in reading this plaintiff's briefs.)

Clearly, the Defendant has failed to demonstrate that it has satisfied the portion of the Plaintiff's complaint regarding giving Proper Notice. If anything negligence has been shown by the defendant.. Similarly the defendant never even mentions how it had the authority to allow a transfer of the restitution debt via TOP without accommodating the trial Judge's Order on how restitution was to be paid. Rather defendant makes argument how the U.S. Treasury Department can take 15% of Plaintiff's Social security payment pursuant to the Mandatory Victim Restitution Act (MVRA) and simply ignores plaintiff's argument that this is a Violation of Separation of Powers. A simple transference of the debt to another government agency does not wave a magic wand that makes the trial Court Judge's Special instructions simply disappear. The MVRA does not even apply for multiple reasons. First, the MVRA is not applicable since the case should never have been transferred to the Treasury Department without proper Notice being given. (ignoring multiple written objections made by this plaintiff, to defendant's December 9th, 2014 Notice is not OK!) Second, the MVRA would be unconstitutionally over breadth as applied to this plaintiff since it makes no accommodation for the trial Court's Orders regarding restitution. Lastly, the MVRA fails as a matter of law .There were exactly two named "victims" in the

plaintiff's case at trial.. They were I.B.M. and the I.R.S. .There were no bodily injuries to these entities pursuant to the MVRA. Therefore the defendant can only apply the property theft or destruction portion from the MVRA, and then only to IBM. The problem here is IBM destroyed the property themselves and took a full 100% retail tax write-off on the material. IBM was scrapping obsolete refrigerator size mainframe computers (the PC replaced them) to multiple scrap dealers and getting returns on the gold and silver content of the circuit boards. This plaintiff was purchasing these boards from scrap dealers that were supposed to be melting them, and then reselling them as re-usable parts. Only 5% of these scrap boards were usable to begin with but could still be sold for thousands of dollars. IBM never filed a claim for restitution with the court, a victim loss statement, or sued this plaintiff for lost of revenue in any court. Nor could they since they had already been paid twice by taking a full tax write off and receiving payment for the gold and silver content on this merchandise that they had ordered discarded.

The defendant's motion to dismiss also states :

> *"La Spina is also wrong in his belief that by referring his debt to the TOP, the U.S. Attorney's Office has somehow modified or altered La Spina's criminal judgment".*

<u>Motion to Dismiss -page 9 – 2nd paragraph - 1st line</u>

This was never said by this plaintiff. What was said by this plaintiff is as follows:

> *"Only a court of proper authority can modify or alter a Court's Order and/ or Judgement"* - <u>Plaintiff's Complaint – page 3 - 2nd paragraph - 2nd line</u>

The above are very different statements. Plaintiff has absolutely no problem with the defendant transferring the debt to to the TOP or any agency provided that they were requested to only deduct from from his gross income, not from his social security retirement benefits. In other words,<u>obey the Judge's instructions regarding restitution in his case.</u> Plaintiff has never stated he believes the defendant is

5.

modifying or altering his criminal judgment. Plaintiff is saying that the presiding Judge in the criminal case created Special Instructions/Orders that are clearly stated within the Judgement itself which cannot be modified by transference of the debt. The defendant goes on to state in their motion to dismiss:

> *".....And the amount of offset to La Spina's Social Security retirement benefits is also the same as provided in the court's judgment. The only difference here is that La Spina is now making substantial payments towards his restitution obligation in over a decade"*

Motion To Dismiss -page 9 - 2nd paragraph – line 4 and forward

So according to the Defendant's logic, *supra*, since the percentages are the same at 15%, there is no difference between now and before the transference to TOP. Of course, there is actually a major difference or there would be no need to transfer to TOP in the first place. The defendant has unintentionally but essentially created a work-around to the trial Judge's Orders  The defendant themselves **could not and can not collect 15% of plaintiff's social security benefit's** without being in contempt of a Court Order which specified that 15% of gross income is to be used for restitution.

## OTHER OBSERVATIONS

The rest of the defendant's motion to dismiss goes into case law reciting and US Code citings which are inconsequential to the instant matter. Defendant goes out of its way to show that the debt was transferred from the Financial Litigation Unit, since plaintiff was <u>delinquent</u> and plaintiff had not made a payment in years. Nothing could be further from the truth. Defendant states:

> "Because La Spina's debt was unsatisfied" - Defendant's Motion to Dismiss – Page 2
>
> "Because La Spina was delinquent" - Declaration Of John Gura – Page 2 – Number 5
>
> "Because La Spina was delinquent in meeting" - Letter to the Court from defendant requesting an extension of time dated July 22, 2021 page 2, 1st paragraph

At no time was the plaintiff ever delinquent and timely paid his 15% of gross earnings in the few years

he did work. The trial Judge did not set a timetable on restitution in her Special Instructions. She only required that plaintiff pay 15% when he did hold gainful employment. If the trial Court desired otherwise it would have filled out sections A,C,or D under <u>Schedule of Payments</u> in the Judgement in a Criminal case instead of checking off Letter E for "Special Instructions". Altering those Special Instructions made by the trial Judge, by an agency outside of the Judiciary, would be constructively amending the trial Judge's Order and this is what is never addressed by the defendant. It doesn't matter what internal procedures, statutes, or case law the defendant references. Neither the Executive or the Legislature can trespass on the Judicial Branch and modify or disregard the clearly defined Orders of a Federal Judge.

Unrelated, but note worthy, is that plaintiff's decision not to work in recent years was made from personal hardship, not laziness. Plaintiff's mother who is elderly (in her 90's), 80% blind, and 50% deaf, needs the full time care of her son or placement in an assisted living facility or nursing home. Plaintiff and his family would never contemplate placing their mother in any facility as long as this plaintiff had the time to give which he does. Loving and caring for one's mother instead of seeking employment should not be frowned upon.

## CLOSING REMARKS

Plaintiff has stated a claim in which relief can be granted. The claim is simple to understand. The defendant itself or its cooperating agencies cannot ignore, or alter the trial Judge's Order in regard to restitution and thereby allow itself to take money from this Plaintiff's Social Security payments. This is a violation of the Separation of Powers. Nor can the defendant simply ignore this plaintiff rights to being Noticed and <u>answered</u> pursuant to the 6th Amendment.

Plaintiff needs that measly $165 a month, being taken from his Social Security, to help put gas in the car or food on the table. Since so many years have now passed with this debt being transferred to TOP, unbeknownst to plaintiff, it may be impractical and create a procedural quagmire to request this Court to Order a nullification to the transference now in 2021. Since the defendant claims it transferred the debt back in 2016 and also claims that the Treasury pays the offset amount (less any fees) to the creditor agency (the Financial Litigation Unit), perhaps the simplest thing to do would be to have the U.S. Attorney Financial Litigation Unit cut a check monthly or annually back to this plaintiff instead of transferring the offset back to the defendant? Regardless of the mechanics of it, this plaintiff believes he is entitled to the financial relief he requested in his complaint. How this is accomplished at this point, this plaintiff leaves to the Court's wisdom and he stated as such in the No. 5 line item in the very last line of his complaint which states the following, under Relief Requested - *"Any other instructions or Order(s) this Court deems appropriate in the interest of justice."*

Respectfully submitted under the pains and penalty of perjury this 9th day of October 2021

*[signature]*
Lawrence La Spina
7321 SW 26th Court,
Davie, FL 33314
(954)473-5133

10/9/2021

## CERTIFICATE OF SERVICE

This is to certify that on this 9th day of October, 2021, I submitted the original and two copies of the **REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** to the Clerk of the Court for the Southern District of New York certified mail and a true and exact copy 1st class mail to the U.S. Attorney's Office for the S.D.N.Y, financial litigation unit

Sworn to as being true and correct under pains and penalty of perjury Oct.9th, 2021

*[signature]*
Lawrence La Spina – 7321 SW 26th Court, Davie, Florida 33314

# EXHIBIT 1

Lawrence La Spina
4450 SW 102nd Ave
Davie, Florida 33328

1/13/2015                                    Certified mail #

US Department Of Justice
Financial Litigation Unit
85 Chambers Street 3rd Floor
New York, New York 10007

## REPLY AND REPSONSE DISHONORING YOUR NOTICE TO OFFSET

      I, in receipt of your NOTICE TO OFFSET, attached herein as Exhibit A and dated 12/09/2014, and herein DISHONOR it and OBJECT TO IT for the following good cause. The JUDGEMENT in US District Court case 99 cr 0339-02 allows for *"15% of my gross salary"* to be applied to the amount owed. Pursuant to your Notice to Offset, you state the following;

> To avoid referral of your debt.....within 60 days.....you must.......(1).......(2).....
> **(3) present evidence that all or part of the criminal or the civil judgment debt is not past due.........**

This evidence to satisfy the above condition is in your possession in the form of the Judgment itself. The Court did not mandate that I pay this restitution in a timely fashion. The Court did not mandate any time limit on this restitution. The Court did not set up a formal payment schedule that needed to be adhered to. The Court did not make provision for the US Dept of Justice to "offset" if I failed to be employed. I have not failed to comply with conditions stipulated in the Judgment in anyway. While I was employed you received 15% of my gross salary in a prompt fashion. The Court only allows you to collect 15% of my gross salary to satisfy this obligation which you received while I was employed. If I was employed and had "gross income" and did not submit timely payments then you would be well within your rights to offset it. Such is not the case. The obligation is <u>NOT past due</u> pursuant to the verbiage contained within the Judgment in case #99 cr 0339-02.

I have not had gross income in over 5 years. The moment I do you will receive 15% of my gross salary as mandated by the Court Judgment. The restitution is not delinquent pursuant to conditions of the judgment and therefore cannot be offset and your Notice to Offset is dishonored.

Further I have no assets, property, stock, bonds, real estate, businesses, etc. or any fixed asset that can be applied to this debt. I own a 1995 Dodge Van worth about $500. That's it. I have no other assets to my name. Should I suddenly somehow become wealthy or gain lawful employment, you will be the first to know. Until then I have satisfied the conditions of the Judgment and it is improper to transfer it to any other agency for collection. Please respond within 30 days of this reply.

Respectfully, _____
      Lawrence La Spina

# EXHIBIT 2

Lawrence La Spina
4450 SW 102nd Ave
Davie, Florida 33328

2/10/2015                                         Certified mail #

US Department Of Justice
Financial Litigation Unit
85 Chambers Street 3rd Floor
New York, New York 10007

Dear Sir or madam,

Attached are copies of your NOTICE OF INTENT TO OFFSET and MY REPLY TO YOUR NOTICE DISHONORING IT .

I sent this certified mail almost a month ago, confirmed you have received it, and have received no response.

In case it has been misplaced or overlooked, I am once again responding with this letter requesting that you do not offset for the good cause shown in my initial attached reply.

Please respond to this letter so that I know where I stand with this.

Thanks,


-------------------------------
Lawrence La Spina